**Sang Dae PARK, Petitioner,**

v.

**Alberto R. GONZALES, U.S. Attorney General, Respondent.**

No. 06–60222
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 15, 2007.

Joshua Turin, Chia–Ching Cheng, Turin, Turin & Olinger, Dallas, TX, for Petitioner.

Thomas Ward Hussey, Director, Linda Susan Wendtland, Saul Greenstein, Angela N. Liang, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, Anne M. Estrada, U.S. Immigration & Naturalization Service, Dallas, TX, Trey Lund, U.S. Immigration and Customs, Enforcement Field Office Director,

Carl Perry, New Orleans, LA, for Respondent.

Alberto R. Gonzales, U.S. Department of Justice, Washington, DC, pro se.

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM: *

Sang Dae Park, a citizen of Korea, petitions this court to review the order by the Board of Immigration Appeals (BIA) dismissing his appeal from the order of the Immigration Judge (IJ) denying his request for a discretionary waiver of removal under former Immigration and Nationality Act § 212(c), former 8 U.S.C. § 1182(c). Park contends that (1) the IJ plainly erred in finding that he was ineligible for § 212(c) relief because the IJ conflated statutory eligibility with discretion, (2) he was denied due process because the IJ applied the incorrect legal standard, and (3) the IJ abused his discretion in failing to consider favorable evidence and in denying relief.

Because Park's third argument attacks the IJ's weighing of the favorable and adverse factors for § 212(c) relief and does not present a constitutional or legal question, this court lacks jurisdiction as to that claim. *See Delgado–Reynua v. Gonzales*, 450 F.3d 596, 600 (5th Cir.2006). Additionally, this court is without jurisdiction to review Park's remaining claims because he failed to present them in his appeal to the BIA and therefore failed to exhaust his administrative remedies. *See Wang v.*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Ashcroft,* 260 F.3d 448, 452–53 (5th Cir. 2001).

Accordingly, Park's petition for review is DISMISSED.